IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HUEY P. MYLES, #1186445 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv299 |
| DAVID LANGSTON, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Huey P. Myles, a prisoner confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The original complaint was filed on July 6, 2009. On February 16, 2010, the Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. The Plaintiff testified as to the factual basis of his claims. Regional Grievance Administrator Ginger Lively, Warden Eddie Baker and Nurrse Tara Patton testified under oath about prison policies and information contained in the Plaintiff's prison records.

1

The Plaintiff arrived at the prison system in 2002. He had gum disease and a plan was developed to pull his teeth and to provide him with dentures. Pursuant to the plan, prison dentists started pulling his teeth. The Plaintiff testified that he has only two teeth remaining. During the course of the execution of the plan, dental administrators changed the policy. Under present policy, dentures are provided only when there is a medical necessity. The Plaintiff was advised of the change in policy and told that he would not receive dentures. One of the reasons provided to him was that his Body Mass Index was 34, which was above the normal range of 18.5 to 25. The Plaintiff testified that he must gum his food, which makes his gums sore. In his complaint, he further noted that he has had problems with bleeding gums and infection. He asked for a pass to have more time to eat his food, but the request was denied.

The Plaintiff testified that he has other medical problems as well, which are not part of this lawsuit. He has liver disease, and the medication for his liver disease has made the problems with his gums worse. The liver problems have also distended his stomach. He acknowledged that he presently weighs about 200 pounds.

Nurse Tara Patton testified under oath from the Plaintiff's medical records. The records document that he needs a soft diet. A blended diet was offered in March, 2009, but was declined. She testified that requests for dentures are sent off of the unit to a committee. Unit dentists must forward requests for dentures to the committee. She testified that she is uncertain as to the criteria for when dentures will be provided, but she is aware that a Body Mass Index is one criteria. She noted that most of the entries in the medical records about his weight show that he weighs between 213 to 218 pounds, although the most recent entries have his weight around 200 pounds. She confirmed that the Plaintiff has liver problems due to Hepatitis B and has received interferon.

The Plaintiff testified that he sued Dr. Owen Murray because he is in charge of medical and dental policy. He sued Warden Rupert because he is in charge of the Michael Unit.

Inmate claims surrounding the issuance of dentures has been the source of several lawsuits in recent years. One such case was *Hyatt v. Sewell*, 197 Fed. Appx. 370 (5th Cir. 2006), which originated in this Court. The Fifth Circuit made the following conclusion:

> Hyatt began a treatment plan in December 2002, which included a recommendation for a lower partial denture. Over the course of the next three years, Hyatt received a number of fillings as well as other treatment. Although there were some delays in his treatment regarding his dentures, the summary judgment evidence shows that Hyatt was seen regularly, that treatment was provided, and that any delays were the result of at most negligence rather than any deliberate indifference to Hyatt's serious medical needs.

The Fifth Circuit affirmed this Court's decision granting the defendants' motion for summary judgment.

The next case decided by the Fifth Circuit was *Williams v. Mason*, 210 Fed. Appx. 389 (5th Cir. 2006), which also originated in the Eastern District of Texas. The case was dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The plaintiff alleged that he suffered bleeding gums and digestive difficulty, including diarrhea and cramps, due to the failure of the defendant, a dentist, to provide him with dentures. He alleged in his grievances that he suffered from cuts and bleeding gums, which took days to heal, and that certain foods were difficult to chew. The Fifth Circuit specified that taking the plaintiff's claims as true, as required for purposes of initial screening, it did not appear "that no relief could be granted based on his alleged facts." *Id.* at 390. The Fifth Circuit concluded that if the plaintiff suffered the injuries and conditions he alleged, then he may have a serious medical need for dentures. *Id.* The case was remanded, and the plaintiff was provided dentures on remand.

The next case was *Vasquez v. Dretke*, 226 Fed. Appx. 338 (5th Cir. 2007), which also originated out of the Eastern District of Texas. The case was before the Fifth Circuit after the district court had dismissed the case as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). The Fifth Circuit made the following statement:

> Vasquez has alleged that because he has no dentures, he suffers from difficulty eating, headaches, disfigurement, severe pain, bleeding in his mouth, and blood in his stool. In addition, a doctor recommended dentures for Vasquez. These allegations are sufficient to state a claim for a serious medical need.

*Id.* at 340. The Fifth Circuit rejected the argument that the plaintiff did not have a serious medical need because he did not lose weight. *Id.* The Fifth Circuit upheld the dismissal of the claims against a warden, who merely deferred to the judgment of medical professionals in denying the plaintiff dentures. *Id.* The case was remanded for further consideration.

In *Scribner v. Linthicum*, 232 Fed. Appx. 395 (5th Cir. 2007), the Fifth Circuit reversed this Court's decision granting summary judgment in favor of the TDCJ Director of Medical Services. The Fifth Circuit noted that there was summary judgment evidence that the defendant was aware of the plaintiff's complaints about not receiving dentures and that she had given final approval to the policy that resulted in the denial of dentures. A similar result occurred in *Huffman v. Linthicum*, 265 Fed. Appx. 162 (5th Cir. 2008) (permitting plaintiff to proceed against Director of Health Services Division, Dental Director and Cluster Dental Director).

In light of the Plaintiff's pleadings and the recent case law, the Court is of the opinion that the Plaintiff should be permitted to proceed with his claims against the dentist who denied him dentures and the administrators who were responsible for the policy that led to the denial of dentures. He should be permitted to proceed with his claims against Dr. David Langston and Dr. Owen Murray.

4

The final defendant is Michael Unit Senior Warden John A. Rupert. In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Warden Rupert did not participate in the alleged acts of misconduct. He was sued because of his supervisory role, but the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied. The claims against Warden Rupert fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. The claims against Warden Rupert should thus be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is therefore

**ORDERED** that the Plaintiff may proceed with the denial of dentures claim against Dr. David Langston and Dr. Owen Murray. It is finally

**ORDERED** that the Plaintiff's claims against Warden John A. Rupert are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **16** day of **February, 2010.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE